# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS D. GEER, | ) | Case No. 1:23-cv-01495 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Carmen E. Henderson |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

On July 26, 2023, Petitioner Nicholas D. Geer filed a *pro se* motion under 28 U.S.C. § 2241 collaterally attacking his conviction. (ECF No. 1.) Petitioner seeks release from detention on three grounds: (1) law enforcement arrested him in his home in violation of his Fourth Amendment right to be free from unreasonable seizures; (2) the search of his home on February 8, 2022 violated his Fourth Amendment right to be free from unreasonable searches, therefore the Court erred in denying the motion to suppress in his underlying criminal case; and (3) he has been prosecuted and detained in violation of his human rights. (*Id.*, PageID #4–5.) In sum, he challenges the constitutional validity of his conviction and his detention pending sentencing in October 2023.

By way of background, the United States indicted Petitioner in 2022 on seven counts of possession with intent to distribute controlled substances, one count of possession of a firearm as a felon, and one count of possession of a firearm in furtherance of a drug trafficking crime. *See United States v. Geer*, No. 1:22-cr-109

(N.D. Ohio). A jury convicted Petitioner on all counts in 2023. (No. 1:22-cr-109, ECF No. 66, Minutes, June 1, 2023.) The Court is scheduled to sentence Petitioner on October 11, 2023. (*Id.*)

Section 2255, not Section 2241, is the primary means for a federal prisoner to challenge his conviction or sentence. *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021). Section 2255 provides prisoners "in custody under sentence of a court" an avenue for "release[]." 28 U.S.C. § 2255(a). "Congress created § 2255 as a separate remedial vehicle specifically designed for federal prisoners' collateral attacks on their sentences." *Jones v. Hendrix*, 143 S. Ct. 1857, 1865 (2023). For that reason, a Section 2255 claim accrues, and the statute of limitations begins to run, when "the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Because the Court has not yet sentenced Mr. Geer, it has not entered a final judgment, and Petitioner is not currently "in custody under sentence," *id.* § 2255(a). Instead, Petitioner is detained and awaits "imposition or execution of sentence," 18 U.S.C. § 3143(a)(1), because the Court detained Mr. Geer pending sentencing in accordance with the presumption of detention under federal law, *see id.* § 3143(a)(1)–(2). The Court cannot "vacate, set aside or correct [a] sentence" that it has not imposed. 28 U.S.C. § 2255(a); *see Rosales-Garcia v. Holland*, 322 F.3d 386, 399 n.13 (6th Cir. 2003) (explaining that a detainee is not "in custody under sentence" within the meaning of Section 2255); *In re Cassaday*, No. 22-1762, 2023 U.S. App. LEXIS 1586, at *3 (6th Cir. 2023) (same); *cf. Jones*, 143 S. Ct. at 1867 (challenges to the

manner of detention, as opposed to the sentence, "are not within § 2255's substantive scope").

Section 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law." *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021); 28 U.S.C. § 2241(a) & (c)(3). Generally, Section 2241 "facilitates only challenges to 'the execution or manner in which the sentence is served'—those things occurring within prison." *Taylor*, 990 F.3d at 495 (quoting *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam)). Further, with respect to federal petitioners, "Congress has made its preference for Section 2255 clear." *Taylor*, 990 F.3d at 495. A remedy through any avenue other than Section 2255 is only available to a federal petitioner "where it appears that the [Section 2255] remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) (explaining that Section 2255 may be ineffective where a petitioner challenges the manner by which the warden is executing his sentence or where the sentencing court no longer exists).

Under this framework, habeas relief is not available to Petitioner under Section 2255 or Section 2241 at this time. Petitioner does not challenge his conditions of detention. Instead, he attacks the validity of his conviction based on allegations that his arrest and the search of his home, which produced evidence that was presented at trial, violated the Fourth Amendment. These are not matters within the purview of Section 2241, even if habeas relief under that section were available

3

to him as a federal detainee awaiting sentencing under the savings clause of Section 2255.

For these reasons, the Court **DENIES** Petitioner's motion **WITHOUT PREJUDICE**. *See Carlson v. Pitcher*, 137 F.3d 416, 420 (6th Cir. 1998) (petition is not second or successive when a prior petition was dismissed without prejudice).

**SO ORDERED.**

Dated: August 1, 2023

              J. Philip Calabrese
              United States District Judge
              Northern District of Ohio